UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

EDWARD LEBRON GRIFFIN,

        Plaintiff,                       Case No. 1:24-cv-1273

v.                                        Honorable Sally J. Berens

UNKNOWN HAWKINS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.6.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case[.]" 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that Defendants are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way Defendants are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Motion to Appoint Counsel

Plaintiff asks the Court to appoint counsel on his behalf. (ECF No. 4.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's request for appointment of counsel will be denied.

## II. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains, however, occurred at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Plaintiff sues Administrative Law Judge Unknown Hawkins and MDOC Hearings Administrator Richard D. Russell. Plaintiff sues both Defendants in their respective official and individual capacities. (Compl., ECF No. 1, PageID.2.)

Plaintiff alleges that on July 22, 2024, Defendant Hawkins presided over Plaintiff's hearing on a class I misconduct charge of possessing a weapon. (*Id.*, PageID.3–5; Misconduct Report, ECF No. 1-1, PageID.10; Misconduct Hr'g Report, ECF No. 1-1, PageID.13–14.)[2] Defendant Hawkins

---

[2] Plaintiff has attached to his complaint documents relating to the misconduct charge, including the initial misconduct report, the misconduct hearing report, and the decision denying Plaintiff's request for a rehearing. The Court may consider documents that are attached to a *pro se* complaint when considering whether the complaint states a claim upon which relief should be granted. *See, e.g.*, *Powell v. Messary*, 11 F. App'x 389, 390 (6th Cir. 2001) (affirming the Eastern District of Michigan District Court's consideration of the attachments to the plaintiff's complaint to determine that the plaintiff had received medical treatment and, therefore, failed to state a claim under the Eighth Amendment); *Hardy v. Sizer*, No. 16–1979, 2018 WL 3244002 (6th Cir. May 23, 2018) (affirming this Court's consideration of the plaintiff's complaint allegations and the documents attached to the complaint to support the determination that the plaintiff failed to state a claim); *Hogan v. Lucas*, No. 20–4260, 2022 WL 2118213, at *3 n.2 (6th Cir. May 20, 2022) (stating that "[b]ecause the documents attached to Hogan's complaint are referenced in the complaint and 'central to the claims contained therein,' they were properly considered at the § 1915(e)(2) screening stage" (citations omitted)). "When a document attached to the complaint

found Plaintiff guilty of possessing a weapon and imposed sanctions of five days of toplock and 30 days of loss of privileges. (Misconduct Hr'g Report, ECF No. 1-1, PageID.13.) Plaintiff sought a rehearing claiming that he was denied due process in the initial misconduct proceedings. (Request for Rehearing, ECF No. 1-1, PageID.11.) Defendant Russell denied Plaintiff's request for rehearing. (*Id.*, PageID.12.)

Plaintiff identifies several procedural flaws in the misconduct proceedings. First, Plaintiff notes that he is a "deaf and/or hard of hearin[g] prisoner." (Compl., ECF No. 1, PageID.3.) That fact is noted on Plaintiff's identification card, the MDOC Offender Tracking Information System, and the "unit count board." (*Id.*) The Sergeant who reviewed the misconduct report with Plaintiff,[3] however, "refused to acknowledge [Plaintiff's] hearing[-]impaired status, [therefore] denying [Plaintiff's] chance to participate in the review, and violating [Plaintiff's Fourteenth] Amendment right to due process." (*Id.*)

When Plaintiff received the written misconduct report, he saw that Sergeant L. Schutt, the reporting staff member,[4] indicated that a contraband removal record had been provided to Plaintiff. (*Id.*; Misconduct Report, ECF No. 1-1, PageID.10.) Plaintiff reports that, in fact, he was never provided a contraband removal record. (Compl., ECF No. 1, PageID.3.) Plaintiff contends that the failure to provide a contraband removal record also violated Plaintiff's due process rights. (*Id.*)

At the July 22, 2024, misconduct hearing, Plaintiff informed Defendant Hawkins about the above-referenced procedural flaws. (*Id.*, PageID.3–4.) Plaintiff advised Hawkins that the flaws resulted in the denial of Plaintiff's due process rights. (*Id.*) Hawkins ignored Plaintiff's complaints

---

contradicts the allegations, the document trumps the allegations . . . [if the] document . . . 'utterly discredit[s]' the allegations." *In re Flint Water Cases*, 960 F.3d 303, 329 (6th Cir. 2020).

[3] Plaintiff has not named the reviewing sergeant as a defendant.

[4] Plaintiff has not named the reporting sergeant as a defendant.

5

and found Plaintiff guilty of possessing a weapon. (*Id*., PageID.4.) Plaintiff reports further that he was not timely provided his "hearing packet," nor was he timely provided an appeal form. (*Id*.)

On August 2, 2024, Plaintiff was charged criminally with possession of a weapon based on the July 11 incident. (*Id*.)

On August 18, 2024, Plaintiff received his appeal form. (*Id*.) He addressed his concerns with Defendant Hawkins's approach to the hearing and the result. (*Id*.) He asked that the audio and video from the hearing be reviewed to support his claims. (Id.)

Defendant Russell considered Plaintiff's appeal. (ECF No. 1-1, PageID.12.) Russell denied the request for rehearing, concluding that Plaintiff had received due process. (*Id*.)

Plaintiff contends that Defendants have denied him due process and, as a result, Plaintiff has been charged with another criminal case. Plaintiff asks the Court to do the following: (A) declare that Defendants Hawkins and Russell violated Plaintiff's constitutional rights; (B) award compensatory and punitive damages; and (C) order that Plaintiff's prison file be reviewed and that all the misconducts with similar procedural irregularities be removed from Plaintiff's record. (ECF No. 1, PageID.6.) Plaintiff also asks that the criminal prosecution for his possession of a weapon on July 11, 2024, be dismissed. (*Id.*)

### III.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that

6

is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In this action, Plaintiff raises one claim against these Defendants: Plaintiff contends that Defendants denied him the process he was due under the Fourteenth Amendment. The elements of a procedural due process claim are (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental

7

*Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

Plaintiff suggests that he has a liberty interest that is protected by due process as set forth in MDOC policies regarding administrative hearings. But courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994); *Smith v. Freland*, 954 F.2d 343, 347–48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992). Thus, Plaintiff's allegation that Defendants violated prison policy fails to raise a cognizable federal due process claim.

Nonetheless, Plaintiff's search in the policy directives and regulations for "language of an unmistakably mandatory character" to support a liberty interest is understandable. *Hewitt v. Helms*, 459 U.S. 460, 471 (1983). Under *Hewitt*, it was the presence of such mandatory language in procedural guidelines that might give rise to a protected liberty interest. *Id*. at 469–72. That framework was rejected and replaced in *Sandin v. Conner*, 515 U.S. 472 (1995).

The *Sandin* Court concluded that a prisoner would not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484, 487. Nothing about Plaintiff's class I misconduct conviction would inevitably impact the duration of his sentence. For a prisoner like Plaintiff, who is serving sentences for offenses committed during or after 2017,[5] a major

---

[5] *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=376024 (last visited Mar. 13, 2025).

misconduct conviction results only in the accumulation of "disciplinary time." Mich. Comp. Laws § 800.34. Disciplinary time is considered by the Michigan Parole Board when it determines whether to grant parole. *Id.* § 800.34(2). It does not necessarily affect the length of a prisoner's sentence because it is "simply a record that will be presented to the parole board to aid in its [parole] determination." *Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011). None of Plaintiff's allegations support the inference that Defendants' actions in connection with the disciplinary proceedings impacted the duration of Plaintiff's sentences in any way.

Plaintiff does note that the same conduct that resulted in the misconduct charge led to the filing of a criminal charge. But the duration of Plaintiff's sentence was not impacted by the criminal charge either. That charge was dismissed as part of a plea deal relating to another weapons offense by Plaintiff. *See* Case Details for *People v. Griffin*, No. 2024-0000031946-FH (Montcalm Cnty. Cir. Ct) and *People v. Griffin*, No. 2024-0000031940-FH (Montcalm Cnty. Cir. Ct); https://micourt.courts.michigan.gov/case-search/court/C08~2 (enter Last Name "Griffin," First Name "Edward," select search; select Case IDs 2024-0000031946-FH and 2024-0000031940-FH) (last visited Mar. 12, 2025).

Furthermore, Plaintiff does not allege any facts suggesting that either the "top lock" or "loss of privileges" sanctions for his misconduct (Misconduct Hr'g Report, ECF No. 1-1, PageID.13) resulted in an "atypical and significant hardship." *See Sandin*, 515 U.S. at 487. The Supreme Court has held that the restrictions of segregation "[are] the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt*, 459 U.S. at 468. Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010). Generally, courts will consider the nature and

9

duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008).

The Sixth Circuit Court of Appeals has concluded that a stay longer than 30 days in segregation is not necessarily considered an atypical or significant hardship, *see Joseph,* 410 F. App'x at 868; *see also, e.g.*, *Jones v. Baker*, 155 F.3d 810, 812–23 (6th Cir. 1998) (two years of segregation while the inmate was investigated for the murder of a prison guard in a riot); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997) (one year of segregation following convictions for possession of illegal contraband and assault, including a 117-day delay in reclassification due to prison crowding). Generally, only periods of segregation lasting for several years or more have been found to be atypical and significant. *See, e.g.*, *Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest); *Harden-Bey*, 524 F.3d at 795 (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, i.e., three years without an explanation from prison officials, implicates a liberty interest). In light of that authority, the Court concludes that Plaintiff's the restriction of the lesser sanctions of "toplock" and "loss of privileges" are not atypical and significant hardships that might give rise to a protectible liberty interest. Accordingly, Plaintiff has failed to state a Fourteenth Amendment procedural due process claim.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that

Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  March 17, 2025              /s/ Sally J. Berens
                                    SALLY J. BERENS
                                    United States Magistrate Judge